Debtor(s): Gary Wayne Page    Case Number: 21-10773

United States Bankruptcy Court for the Western District of Louisiana: Shreveport Division

# Chapter 13 Plan - Western District of Louisiana

☐ Check here if this is a modified plan.

☐ Check here if this is an amended plan.

List below the sections that have been changed.          Reason for Amendment/Modification

**Part 1:** Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | This Plan sets out Nonstandard Provisions in Part 9. | ☐ Included | ☑ Not Included |
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ☑ Included | ☐ Not Included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☑ Included | ☐ Not Included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ☑ Not Included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ☐ Included | ☑ Not Included |

Debtor(s): Gary Wayne Page                                              Case Number: 21-10773

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments for a total of __60__ months to the trustee as follows:

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

[✓] **Original Plans.**   $ __1,920.00__ per __month__ for __60__ months, *and*

$ _____ per _____ for _____ months.

$ _____ per _____ for _____ months.

$ _____ per _____ for _____ months.

[ ] **Modified Plans.**   $ _____ has been paid in for the first ____ months; then

$ _____ per _____ for _____ months, *and*

$ _____ per _____ for _____ months.

$ _____ per _____ for _____ months.

**Check one:** The applicable commitment period is:   36 months (Below Median Income)   [ ]

60 months (Above Median Income)   [✓]

**2.2** Regular payments to the trustee will be made from future income in the following manner:

Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**Income tax refunds**. During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

Debtor(s) will pledge income tax refunds as follows:

**2.3 Additional Payments. (In addition to 2.1 above)**
*Check one.*

[✓] **None**. *If "none" is checked, the rest of § 2.3 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

**3.1 A.** Maintenance of payments and cure of default of <u>Principal Residence</u> under 1322(b)(3), including post-petition default payments, if any.

Debtor(s): Gary Wayne Page                                Case Number: 21-10773

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Description of Collateral | Current Installment Payment (including escrow) | Pre-Petition Amount of Arrearage, if any | Current Monthly Payment Begins |
|---|---|---|---|---|
| Midland Mortgage Company | 5561 Asbury Lane Shreveport, LA 71129 Caddo County Debtor owns 1/2 of property and debtors ex-wife owns the other 1/2 of the property | $ 591.16 | $ 0.00 | October 1, 2021 |

Disbursed by:

☑ Trustee

☐ Debtor(s)

☐ Third Party - Name & Relationship to Debtor(s)

_____

| Name of Creditor | Description of Collateral | Current Installment Payment (including escrow) | Pre-Petition Amount of Arrearage, if any | Current Monthly Payment Begins |
|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | _____ |

Disbursed by:

☑ Trustee

☐ Debtor(s)

☐ Third Party - Name & Relationship to Debtor(s)

_____

☐ The trustee shall pay post-petition default payments for mortgage payments in the following amounts and coming due during the months itemized.

| Name of Creditor | Description of Collateral | Current Installment Payment (including escrow) | Specified Months for Default | Post Petition total Unpaid |
|---|---|---|---|---|
| _____ | _____ | $ _____ | _____ | $ _____ |

| | | |
|---|---|---|
| Debtor(s): | Gary Wayne Page | Case Number: 21-10773 |

**B. Maintenance of payments and cure of default other than Principal Residence under 1322(b)(3), including post-petition default payments, if any.**

*Check one.*

[✓] **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

[ ] **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

[✓] The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's total Claim | Collateral Description | Value of Collateral | Amount of Secured Claim | Interest Rate | Estimated avg. monthly payment to creditor |
|---|---|---|---|---|---|---|
| Capital One Auto Finance | $19,856.00 | 2019 GMC Terrain Debtor owns 1/2 of vehicle. Debtors ex-wife owns the other 1/2 of the vehicle | $19,000.00 | $19,000.00 | 5.25 % | $360.73 |

**3.3 Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. §1325(a) - 910 day Car Claim or 365 day Personal Property)**

*Check one.*

[✓] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien Avoidance**

*Check one.*

[✓] **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

*Check one.*

[✓] **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4: Treatment of Fees and Priority Claims**

Debtor(s): Gary Wayne Page     Case Number: 21-10773

### 4.1 General
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

### 4.2 Administrative fees
Counsel elects the standing order "no look" fee.    Yes ✓    No ☐

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of $ 4,000.00 of which $ 3,435.00 is due and payable from the bankruptcy estate. Included in this amount is a fee in the amount of $ 0.00 for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a formal fee application.

### 4.3 Priority claims other then attorney's fees and those treated in § 4.4.
*Check one*.

☐ **None.** *If "None" is checked, the rest of §4.3 need not be completed or reproduced.*

✓ The debtor estimates the total amount of other priority claims to be as follows:

Domestic Support Obligations prepetition arrears other than those provided in 4.4 below shall be disbursed by the Trustee.

| Claimant | Nature of Claim | Amount |
|---|---|---|
|  |  | $ |

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| Bowie & Beresko, APLC | Noticing Cost | $250.00 |
| IRS | taxes | $10,743.00 |
| Louisiana Department of Revenue | taxes | $6,657.53 |

### 4.4 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.
*Check one*.

✓ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of $ 26,140.10 , it is anticipated unsecured creditors will be paid

Debtor(s): Gary Wayne Page                                        Case Number:  21-10773

approximately $ 26,140.10 , which is approximately  100  percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than $ 0.00 .
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

[✓] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

## Part 6: Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1 The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

[✓] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.**

## Part 8: Other Plan Provisions

**8.1 Adequate Protection Payments:**

Debtor(s) shall pay adequate protection payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.

| **Creditor** | **Adequate Protection Payment** |
|---|---|
| Captial One Auto Finance | $100.00 |

**8.2 Changed Circumstances.**

Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.

## Part 9: Nonstandard Plan Provisions

[✓] *None. If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

Debtor(s): Gary Wayne Page  Case Number: 21-10773

# Part 10: Signatures

/s/ Ralph Scott Bowie  Date: September 30, 2021
Signature of Attorney for Debtor(s)

/s/ Gary Wayne Page  Date: September 30, 2021
Debtor

　  Date:
Joint Debtor

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| IN RE: | CASE NO: 21-10773 |
|---|---|
| GARY WAYNE PAGE | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: |

On 9/30/2021, I did cause a copy of the following documents, described below,

Chapter 13 Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 9/30/2021

/s/ Ralph Scott Bowie
Ralph Scott Bowie  01724

Bowie & Berekso, APLC
400 Travis Street, Suite 700
Shreveport, LA  71101
318 221 0600

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

IN RE:

GARY WAYNE PAGE

CASE NO: 21-10773

**CERTIFICATE OF SERVICE DECLARATION OF MAILING**

Chapter:

On 9/30/2021, a copy of the following documents, described below,

Chapter 13 Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 9/30/2021

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Ralph Scott Bowie
Bowie & Berekso, APLC
400 Travis Street, Suite 700
Shreveport, LA  71101

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| CASE INFO | | EXCLUDE |
|---|---|---|
| LABEL MATRIX FOR LOCAL NOTICING<br>05365<br>CASE 21-10773<br>WESTERN DISTRICT OF LOUISIANA<br>SHREVEPORT<br>THU SEP 30 10-26-48 CDT 2021 | ALLY FINANCIAL<br>ATTN BANKRUPTCY<br>PO BOX 380901<br>BLOOMINGTON MN 55438-0901 | RALPH SCOTT BOWIE JR<br>BOWIE  BERESKO APLC<br>400 TRAVIS SUITE 700<br>SHREVEPORT LA 71101-3106 |
| CAPITAL ONE<br>ATTN BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | CAPITAL ONE<br>PO BOX 31293<br>SALT LAKE CITY UT 84131-0293 | CAPITAL ONE AUTO FINANCE<br>ATTN BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| CITIBANKTHE HOME DEPOT<br>CITICORP CREDIT SRVSCENTRALIZED BK DEPT<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 | CONNS HOMEPLUS<br>2445 TECHNOLOGY FOREST BOULEVARD<br>BUILDING 4 SUITE 800<br>THE WOODLANDS TX 77381-5263 | CONTINENTAL FINANCE COMPANY<br>ATTN BANKRUPTCY<br>PO BOX 3220<br>BUFFALO NY 14240-3220 |
| CONTINENTAL FINANCE COMPANY LLC<br>PO BOX 8099<br>NEWARK DE 19714-8099 | DIAMOND RESORTS FINANCIAL SERVICES<br>10600 W CHARLESTON BLVD<br>LAS VEGAS NV 89135-1260 | FINGERHUT<br>ATTN BANKRUPTCY<br>6250 RIDGEWOOD ROAD<br>SAINT CLOUD MN 56303-0820 |
| FIRST NATIONAL BANKLEGACY<br>ATTN BANKRUPTCY<br>PO BOX 5097<br>SIOUX FALLS SD 57117-5097 | FIRST PREMIER BANK<br>ATTN BANKRUPTCY<br>PO BOX 5524<br>SIOUX FALLS SD 57117-5524 | GENESIS FS CARD SERVICES<br>ATTN BANKRUPTCY<br>PO BOX 4477<br>BEAVERTON OR 97076-4401 |
| INTERNAL REVENUE SERVICE<br>POB 7346<br>PHILADELPHIA PA 19101-7346 | TODD JOHNS CH 13 TRUSTEE<br>CHAPTER 13 TRUSTEE<br>POB 1770<br>SHREVEPORT LA 71166-1770 | LOUISIANA DEPARTMENT OF PUBLIC<br>SAFETY AND CORRECTIONS<br>DEPARTMENT OF MOTOR VEHICLES<br>POB 64886<br>BATON ROUGE LA 70896-4886 |
| LOUISIANA DEPARTMENT OF REVENUE<br>POB 66658<br>BATON ROUGE LA 70896-6658 | LOUISIANA DEPARTMENT OF REVENUE AND<br>TAXATION<br>ATTN BANKRUPTCY DIVISION<br>PO BOX 66658<br>BATON ROUGE LA 70896-6658 | MERRICK BANKCARDWORKS<br>ATTN BANKRUPTCY<br>PO BOX 9201<br>OLD BETHPAGE NY 11804-9001 |
| MIDLAND FUND<br>ATTN BANKRUPTCY<br>350 CAMINO DE LA REINE SUITE 100<br>SAN DIEGO CA 92108-3007 | MIDLAND MORTGAGE CO<br>PO BOX 26648<br>OKLAHOMA CITY OK 73126-0648 | NATIONAL CREDIT ADJUSTERS LLC<br>327 WEST 4TH AVENUE<br>PO BOX 3023<br>HUTCHINSON KS 67504-3023 |
| NAVIENT<br>ATTN BANKRUPTCY<br>PO BOX 9640<br>WILKES-BARRE PA 18773-9640 | NAVIENT<br>ATTN CLAIMS DEPT<br>PO BOX 9500<br>WILKES-BARRE PA 18773-9500 | DEBTOR<br>GARY WAYNE PAGE<br>5561 ASBURY LANE<br>SHREVEPORT LA 71129-2712 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| RESURGENT CAPITAL SERVICES<br>ATTN BANKRUPTCY<br>PO BOX 10497<br>GREENVILLE SC 29603-0497 | RESURGENT CAPITAL SERVICES<br>CO RESURGENT CAPITAL SERVICES<br>GREENVILLE SC 29602 | SALLIE MAE INC<br>ATTN BANKRUPTCY<br>PO BOX 9500<br>WILKES BARRE PA 18773-9500 |
| SECURITY CREDIT SERVICES<br>ATTN BANKRUPTCY<br>PO BOX 1156<br>OXFORD MS 38655-1156 | SHERIFF CADDO PARISH<br>505 TRAVIS STREET 7TH FLOOR<br>SHREVEPORT LA 71101-3028 | STATE OF LOUISIANA DEPARTMENT OF LABOR<br>DELINQUENT ACCOUNTS UNITUI TECH SUPPOR<br>1001 NORTH 23RD STREET ROOM 322<br>BATON ROUGE LA 70802-3338 |
| SYNCBWALMART<br>PO BOX 965024<br>ORLANDO FL 32896-5024 | SYNCHRONY BANK<br>ATTN BANKRUPTCY<br>PO BOX 965060<br>ORLANDO FL 32896-5060 | SYNCHRONY BANKCHEVRON<br>ATTN BANKRUPTCY DEPT<br>PO BOX 965060<br>ORLANDO FL 32896-5060 |
| SYNCHRONY BANKJCPENNEY<br>ATTN BANKRUPTCY<br>PO BOX 965064<br>ORLANDO FL 32896-5064 | SYNCHRONY BANKLOWES<br>ATTN BANKRUPTCY<br>PO BOX 965060<br>ORLANDO FL 32896-5060 | SYNCHRONY BANKSAMS<br>PO BOX 965005<br>ORLANDO FL 32896-5005 |
| SYNCHRONYASHLEY FURNITURE HOMESTORE<br>ATTN BANKRUPTCY<br>PO BOX 965060<br>ORLANDO FL 32896-5060 | SYNCHRONYPAYPAL CREDIT<br>ATTN BANKRUPTCY<br>PO BOX 965060<br>ORLANDO FL 32896-5060 | TOTAL VISATHE BANK OF MISSOURI<br>ATTN BANKRUPTCY<br>PO BOX 85710<br>SIOUX FALLS SD 57118-5710 |
| ~~EXCLUDE~~<br>~~OFFICE OF U S TRUSTEE~~<br>~~300 FANNIN ST SUITE 3196~~<br>~~SHREVEPORT LA 71101-3122~~ | USDOEGLELSI<br>ATTN BANKRUPTCY<br>PO BOX 7860<br>MADISON WI 53707-7860 | |

ADDRESSES WHERE AN EMAIL IS PRESENT WERE SERVED VIA "CM/ECF E-SERVICE" THROUGH THE UNITED STATES BANKRUPTCY COURT'S NOTICE OF ELECTRONIC FILING ("NEF") SYSTEM.

| (U.S. Trustee) | (Debtor) | (Trustee) |
|---|---|---|
| Office of U. S. Trustee<br>300 Fannin St., Suite 3196<br>Shreveport, LA 71101<br><br>USTPRegion05.SH.ECF@usdoj.gov | Gary Wayne Page<br>5561 Asbury Lane<br>Shreveport, LA 71129<br>represented by:<br>Ralph Scott Bowie, Jr.<br>Bowie & Beresko, APLC<br>400 Travis, Suite 700<br>Shreveport, LA 71101<br><br>rsbowie@bellsouth.net | Todd Johns (Ch 13 Trustee)<br>Chapter 13 Trustee<br>POB 1770<br>Shreveport, LA 71166<br><br>ecf@shrevech13.com |