UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

IN RE:    GARY WAYNE PAGE                                            CASE #:    21-10773
                                                                                                                 Chapter 13

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Now comes Todd S. Johns, the Standing Chapter 13 Trustee, who objects to the confirmation of the proposed plan of the above debtor(s) in that:

1)     Plan Section 9 should be amended to provide for the following mortgage language per Trustee's Policy: "Regarding the mortgage included in Plan Section 3.1A or 3.1B, in the event a timely filed Notice of Mortgage Payment Change has been filed to which no party in interest has filed a motion pursuant to Rule 3002.1(2), the Trustee is authorized to disburse the mortgage payment in accordance with the Notice of Mortgage Payment Change. If the Notice of Mortgage Payment Change represents more than a $3.00 change from the amount of the mortgage payment determined under the provisions of Section 3.1A or 3.1B of the plan, the chapter 13 plan payment is automatically increased or decreased by the amount of the increase or decrease required by the Notice of Mortgage Payment Change and applicable Trustee fee. The Chapter 13 Trustee is authorized to submit an amended wage order as may be required."

2)     MidFirst Bank filed a claim asserting that the monthly mortgage payment is $648.33 and arrears owed are $6,994.95. The post-petition payment and/or arrears shown on the claim filed is contrary to the sums set forth in the plan. The plan should be amended to set forth the correct sums and to adequately fund for payment of the claim.

3)     The U.S. Department of Housing and Urban Development file a secured claim. Debtors proposed plan omits treatment of the secured claim. The plan should be amended to provide treatment after determining when the debt becomes due. If the debt does not come due within the plan term, the plan should specify in the non-standard provision that the debtor is not presently due and that Debtor will amend the plan to provide for payment should any conditions occur that result in the debt becoming due during the plan term.

4)     Plan Section 4.3 provides for Trustee disbursement to the Internal Revenue Services of a priority claim of $10,743.00. The creditor filed a claim asserting a total priority claim amount of $11,752.15. The plan should be amended to provide treatment pursuant to the proof of claim.

5)     Internal Revenue Services filed a secured claim for 2015 unpaid taxes in the amount of $5,185.18. The plan does not provide for secured treatment of the debt. The plan should be amended to provide for treatment of the claim.

6)     Plan Section 4.3 provides priority secured treatment debt owed to Louisiana Department of Revenue. Louisiana Department of Revenue filed an unsecured claim. Treatment of Louisiana Department of Revenue as a priority secured claim should be removed and provided for the applicable plan section.

7)     Debtor testified at the 341 Meeting of Creditors regarding a possible judgment entered against him. Debtor's schedules should be amended if the debt has not been previously listed.

WHEREFORE, Trustee submits that the Debtor be required to provide documentation and amend the plan pursuant to the above stated objection or that confirmation be denied.

| Dated November 04, 2021 | /s/Todd S. Johns |
|---|---|
| | Todd S. Johns |
| | Chapter 13 Trustee |
| | P.O. Box 1770 |
| | Shreveport, La  71166 |
| | Phone - (318)673-8244 |
| | Fax - (318)673-8254 |

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on **November 04, 2021** a true and correct copy of the foregoing Trustee's Objection has been  served on the debtor(s) *at the address listed below,*  by placing of the same in the United States mail, postage prepaid, and to debtor(s) attorney electronically, through CM/ECF.

| | | |
|---|---|---|
| GARY WAYNE PAGE<br>5561 ASBURY LANE<br>SHREVEPORT, LA  71129 | INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA, PA  19101-7346 | KIZER HOOD & MORGAN LLP ATTYS<br>2111 QUAIL RUN DR<br>BATON ROUGE, LA  70808-4127 |
| LOUISIANA DEPT REV & TAXATION<br>PO BOX 66658<br>BATON ROUGE, LA  70896 | MIDFIRST BANK<br>999 NW GRAND BLVD #100<br>ATTN: BANKRUPTCY DEPARTMENT<br>OKLAHOMA CITY, OK  73118 | OFFICE OF DISTRICT COUNSEL<br>INTERNAL REVENUE SERVICE<br>PO BOX 30509<br>NEW ORLEANS, LA  70190 |
| U.S. DEPT OF HUD<br>307 W. SEVENTH ST, SUITE 1000<br>OFFICE OF REGIONAL COUNSEL, REGION VI<br>FORT WORTH, TX  76102 | UNITED STATES ATTORNEY'S OFFICE<br>300 FANNIN ST  STE 3201<br>WESTERN DISTRICT OF LOUISIANA<br>SHREVEPORT, LA  71101-3068 | |

    */s/Todd S. Johns*